# Dubs *v.* Hanover & McSherrystown Water Company, Appellant.

*Water companies—Diverson of water—Question of fact—Case for jury.*

1. In an action against a water company to recover damages for diversion of water from a stream whereby the plaintiff's gristmill was deprived of power, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for plaintiff, although contradicted, tends to show that the defendant had taken water equal to from one-fourth to one-half of the total previous flow at the plaintiff's mill.

2. In such a case a new trial will not be granted merely because the verdict rendered in 1912 was for $1,452.88, while it appears that plaintiff paid only $3,000 for the land and mill in 1893.

Argued March 11, 1913. Appeal, No. 12, March T., 1913, by defendant, from judgment of C. P. York Co., Aug. T., 1910, on verdict for plaintiff in case of Samuel F. Dubs v. Hanover & McSherrystown Water Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass for diversion of water from a mill. Before WANNER, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,452.88. Defendant appealed.

*Error assigned* was, among others, in refusing binding instructions for defendant.

*Henry C. Niles*, with him *C. E. Ehrehart*, for appellant.

*J. W. Gitt*, with him *Allen C. Wiest*, for appellee.

OPINION BY ORLADY, J., April 21, 1913:

This action of trespass was brought to recover damages for diversion of water from a natural water course, which had for many years been used by the plaintiff as a source of power for a grist and saw mill erected along its course and upon his land. In 1896, the defendant established a pumping station at the confluence of two streams, about seven miles above the plaintiff's mill, to pump water therefrom to a reservoir about two miles distant, thence to be utilized in its general service. A six-inch pipe was used in the installation of the pumping plant, and in 1905, this work was supplemented by the addition of another six-inch pipe.

The verdict establishes that the water taken by the defendant equaled one-fourth to one-half of the total flow of water at the plaintiff's mill. The evidence of diminution and the extent of it was satisfactorily shown by records that were regularly kept from time to time.

In 1899, the plaintiff was obliged to install an auxiliary engine, and the expense of its maintenance was furnished in data which satisfied the jury of its accuracy.

At the conclusion of the plaintiff's testimony a motion for a nonsuit was refused, for the reason that, there was some evidence of the taking of water from the stream and of a material lessening of its volume at the plaintiff's mill. Whether that resulted from the operation of the pumping station of the defendant, was rightfully a question of fact for the jury. The disputed questions of fact were fully and clearly submitted to that tribunal and a verdict of $1,452.88, was returned in the plaintiff's favor, which sum it is contended is unreasonable and excessive for the reason that the plaintiff in 1893, paid but $3,000 for the land, grist and saw mill. This would be a proper argument to address to the jury, to which it doubtless was seriously

urged. Many conditions might develop to affect the value of property between 1893 and 1912, when this case was tried.

The appellant frankly concedes that, "The court's statements of legal rights involved were correct, the plaintiff had the right to the flow of water to his mill without sensible and material diminution caused by the defendant" so that the whole controversy was one of fact for the jury, and after carefully examining all of the evidence, we see no reversible error, either as to the manner in which it was presented by the court, and we have no doubt as to the sufficiency of the proof adduced to sustain the verdict.

The assignments of error are overruled and the judgment is affirmed.